*John B. Dempsey*, pro se.

JOHN DOE & others[1] *vs.* CHAIRPERSON OF THE MASSACHUSETTS PAROLE BOARD & others.[2] August 18, 2009. *Sex Offender. Global Positioning System Device. Constitutional Law,* Ex post facto law, Sex offender.

In 2006, the General Court required persons convicted of designated sex offenses who were "placed on probation," G. L. c. 265, § 47, or under "court ordered parole supervision or under community parole supervision for life," G. L. c. 127, § 133D½, to wear a global positioning system (GPS) device (or "any comparable device"), for the length of the probation or parole. St. 2006, c. 303, §§ 7 & 8. The plaintiffs in this case were on parole and not subject to GPS monitoring when G. L. c. 127, § 133D½, was enacted and became effective. The Massachusetts Parole Board (board) notified each plaintiff that, "due to your status on parole for a sex offense(s) and/or community parole supervision for life," he would be subject to GPS monitoring as of December 21, 2006.

The plaintiffs commenced an action in the Superior Court seeking declaratory and injunctive relief enjoining the defendants from enforcing G. L. c. 127, § 133D½, against them, and requiring the GPS devices be removed from the plaintiffs' persons and their homes. After a hearing, the judge denied the plaintiffs' application for preliminary injunctive relief, and the plaintiffs appealed, pursuant to G. L. c. 231, § 118, second par. We granted their application for direct appellate review.

Our focus, on review from the denial of preliminary injunctive relief, is "whether the judge applied proper legal standards and whether there was

---

[1]Charles Coe, Frank Foe, and George Goe.

[2]Commissioner of Probation, and Secretary of Public Safety.

reasonable support for his evaluation of the factual questions." *Hull Mun. Lighting Plant* v. *Massachusetts Mun. Wholesale Elec. Co.*, 399 Mass. 640, 642 (1987), citing *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 615 (1980). In *Commonwealth* v. *Cory*, *ante* 559, 560 (2009), we concluded that while G. L. c. 265, § 47, applies to an individual "placed on" postconviction probation after the effective date of the statute (December 20, 2006), ex post facto considerations under both the Commonwealth and Federal Constitutions additionally require that it apply only to predicate sex offenses committed after that date. Although a different statute, G. L. c. 127, § 133D½, applies to parolees such as the plaintiffs, the language in the two statutes is substantially identical.[3] Application of the statute to the plaintiffs in this case is impermissible because it implicates the same ex post facto considerations discussed in the *Cory* decision.

The order of the Superior Court judge denying the motion for preliminary injunctive relief is vacated, and the case is remanded to the Superior Court for further proceedings, including reconsideration of the preliminary injunction in accordance with this opinion, within one month after the rescript issues.[4]

*So ordered.*

*Beth L. Eisenberg*, Committee for Public Counsel Services (*Patricia L. Garin* with her) for the plaintiffs.

*Scott A. Katz*, Assistant Attorney General, for the defendants.

*Stephan Fenton & Stephen R. Kaplan*, amici curiae, submitted a brief.

---

[3]We need not address whether the plaintiffs were "under" parole supervision at the time G. L. c. 127, § 133D½, became effective, because we conclude that ex post facto considerations preclude application of the statute to these plaintiffs. Cf. *Commonwealth* v. *Cory*, *ante* 559, 563 (2009) (G. L. c. 265, § 47, applied to defendant because he was "placed on" postconviction probation after statute's effective date).

[4]Justices Ireland, Spina, and Cowin are of a contrary view for the reasons set forth in *Commonwealth* v. *Cory*, *supra* at 573-581 (Ireland, J., dissenting).